COWEN, Senior Circuit Judge.
This is an appeal in a tax refund suit from the United States Claims Court (Claims Court).[1] Taxpayer, a member of a religious order, is subject to vows of poverty and obedience, and all income derived from her activities is the property of the order. The question presented is whether services she performed as a speech therapist for a county hospital, wholly unrelated to her order, come within the exception to the definition of “employment” for FICA tax purposes (26 U.S.C. § 3121(b)(8)(A)), since she was directed by the order to accept the hospital’s offer of employment and to perform the services after she had been appointed by the hospital. Trial Judge White ruled that the earnings were taxable, granted the government’s motion for summary judgment, and dismissed the complaint. We have added a discussion of two matters which were not considered by him, and with these additions, we agree with his analysis and affirm the decision of the Claims Court on the basis of his opinion.
1. Trial Judge White’s construction of the applicable statutes and regulations is consistent with the position of the Commissioner of Internal Revenue as set forth in a number of revenue rulings which were not referred to in the trial judge’s opinion. The general rule derived from these rulings is that where a member of a religious order enters into an employment relationship with a third party who is unrelated to the order, but who looks to the member rather than to the order for the performance of the duties, the member’s earnings are subject to FICA taxation, even though the order directed the member to apply for the position and to perform the duties thereof. See, e.g., Rev.Rul. 84-13, 1984-4 Int.Rev.Bull. 5 (member’s private practice as a psychologist); Rev.Rul. 83-127,1983-2 Cum.Bull. 25 (member employed as a teacher in a secular private school); Rev.Rul. 81-267, 1981-2 Cum.Bull. 196 (member employed by a private hospital not associated with the order’s church); Rev.Rul. 79-132, 1979-1 Cum.Bull. 62 (member serving as an Army chaplain); Rev.Rul. 78-229, 1978-1 Cum.Bull. 305 (minister performing non-religious services for a manufacturing company); Rev.Rul. 76-323, 1976-2, Cum.Bull. 18 (members employed as a plumber and as a construction worker).
We are aware of revenue rulings dealing with different factual patterns, including situations where the services of members were performed when the member was acting as agent of the religious order or for another agency of the church or an associated institution. See e.g. Rev.Rul. 56-187, 1956-1 Cum.Bull. 483 (ordained minister serving as executive or administrative officer of a federation of churches); Rev.Rul. 68-123, 1968 Cum.Bull. 35 (nurse assigned as agent of religious order to perform duties for a hospital where she was under the supervision and control of the order at all times); Rev.Rul. 77-290, 1977-2 Cum. Bull. 26 (experienced secretary assigned to perform duties as the business officer of a church). Although taxpayer claims that Rev.Rul. 68-123 is inconsistent with the rulings holding that a member’s employment by a third party, not associated with a church order, is subject to FICA taxation, we find this ruling is clearly distinguishable on its facts.
2. On appeal, taxpayer argues that taxation of her income from the hospital *886 amounts to double taxation. Her order had elected to provide social security coverage for its members in accordance with 26 U.S.C. § 3121(r)(l) and was making FICA payments on her behalf based on the fair market value of maintenance and benefits the order provided for her. She maintains, therefore, that the only lawful way she could be taxed for FICA purposes was through the payments made by her order under section 3121(r). We disagree. We think Trial Judge White correctly held that taxpayer’s employment by the hospital was not covered by the exception of section 3121(b)(8)(A) of the Code, because her day-to-day activities were under the control and supervision of the hospital. By enacting the Social Security Amendments of 1972, Pub.L. 92-603 (86 Stat. 1329), Congress authorized religious orders to elect social security coverage for their members by filing an irrevocable certificate for that purpose. The legislative history of the 1972 amendments shows that Congress intended to limit the new coverage to the types of service excluded by section 2131(b)(8)(A) and to extend the new benefits to services rendered by members as employees of the order or for an autonomous subdivision of the order. H.R.Rep. No. 231, 92d Cong., 1st Sess., U.S.Code Cong. & Admin.News 1972, pp. 4989, 5045, 5046, 5268 (1972-2 Cum.Bull. 739), which states:
Under present law, the services performed by a member of a religious order who has taken a vow of poverty which are in the exercise of the duties required by the order are excluded from coverage under social security. Your committee’s bill provides that such service would be covered under social security as employment for the order (or for an autonomous subdivision of the order) if the order (or subdivision) irrevocably elects coverage for its entire active membership, and if the order also makes an irrevocable election to cover its lay employees. (Emphasis supplied.) [742]
5jc * s(! * *
Section 129(b) of the bill amends section 3121 of the Code by adding a new subsection (r). The new section 3121(r)(l) provides that a religious order whose members are required to take a vow of poverty, or any autonomous subdivision of such an order, may file a certificate with the Internal Revenue Service electing to extend social security coverage to the services performed by its members in the exercise of the duties required by such order or subdivision. The certificate of election by the religious order or autonomous subdivision must specify that the election of coverage will be irrevocable; that the coverage will apply to all current and future members of the order or subdivision; that all services performed by a member of the order or subdivision in the exercise of duties required by the order or subdivision will be deemed to have been performed as an employee of the order or subdivision; and that the religious order or subdivision will pay the tax on employees imposed by section 3101 of the Code and the tax imposed on employers by section 3111 of the Code, with respect to the wages of each active member. (Emphasis supplied.) [748-49]
In accordance with the legislative history, 26 U.S.C. § 3121(r)(l)(C) provides that all services performed by a member of the order (covered by the election) in the exercise of duties required by the order shall be deemed to have been performed as an employee of the order.
. The emphasis in the legislative history and in the language of the 1972 amendments is on the employment relationship between the order and its members. Although the members are not “employees” of the order, Congress, as taxpayer suggests, has created a legal fiction by providing that they shall be deemed employees when performing duties required by the order.
We agree with the government that the two FICA coverages are for two different purposes, much the same as when an individual holds more than one job. As indi *887 cated above, the purpose of the 1972 amendments was to authorize religious orders to elect social security coverage for their members who perform duties directly for the order or for an associated institution under circumstances which normally create an employer-employee relationship. We are not persuaded that there is anything in the legislative history or in the 1972 amendments which requires a holding that the section 3121(r) coverage for duties performed for the order and the separate coverage for work done by members while employees of a third party are mutually exclusive.
AFFIRMED.

. Reported at 4 Cl.Ct. 325 (1984).