ON APPELLANT’S PETITION FOR REHEARING
 

 PER CURIAM.
 

 On consideration of Appellant’s Petition for Rehearing, we supplement our decision, 743 F.2d 884, of September 12, 1984, as follows:
 

 In our opinion, we explained the purpose of the Social Security Amendments of 1972 (86 Stat. 1329). A further review of these amendments reinforces our view that Congress did not intend that amounts earned by a member of a religious order as the employee of an unrelated secular business should be exempt from FICA taxation.
 

 In section 3121(r) of 26 U.S.C., Congress extended Social Security coverage to members of religious orders, provided the orders irrevocably elected the coverage for all their members and paid FICA taxes on the value of food, clothing, lodging, etc. furnished to the members. For this purpose, a member of the order was defined in section 3121(r)(2) as one who performs tasks
 
 “usually required (and to the extent usually required)
 
 ” of an active member of the order. With respect to the unpaid services which the member performs for the order, section 3121(i)(4) provides the method for computing FICA contributions on behalf of the member by treating the value of food, clothing, lodging, etc. furnished the members as “wages.” It is implicit in the language of the statute and evidenced by the valuation method adopted, that Congress contemplated the
 
 usual
 
 situation where no wages were paid to members of the order. We think that Congress was equating the services of a member as defined in section 3121(r)(2) with the services of a member whose earnings are exempt from FICA taxes under section 3121(b)(8)(A). In this case, we were called
 
 *809
 
 upon to apply section 3121(b) in the
 
 unusual
 
 circumstance where market wages were paid by a secular employer to a salaried employee who is also a member of an order which has elected the benefits of FICA.
 

 Sister Samson’s services as a speech therapist in the private sector were not donated by the order; they were paid for by a secular employer. We find no basis in the statute or its legislative history for excluding these wages from FICA taxation. To hold otherwise would condone the result that a member of a religious order could earn a high salary in the private sector, pay no FICA taxes on this salary, yet receive the full benefits of FICA. We do not presume that such a result was intended by Congress.
 

 We have already dealt with appellant’s contention that our decision subjects her to double taxation. She does not argue that her wages from the hospital, added to the amount of FICA taxes paid by the order pursuant to section 3121(i)(4), exceed the statutory FICA total. We are not presented with an argument of relative contributions and value.
 

 Appellant contends that the statute was “perfectly clear” when enacted 26 years ago. But it is the entire statute, including the 1972 amendments, which is to be considered in determining what Congress intended. We believe that the text of the 1972 amendments and the legislative history provide additional grounds for concluding that Congress did not intend to exclude appellant’s services as an employee of the county hospital from the definition of “employment” in 26 U.S.C. § 3121(b)(8)(A). '
 

 With the addition stated above, we adhere to our decision of September 12, 1984. Accordingly, appellant’s petition for rehearing is hereby
 
 denied.
 

 FRIEDMAN, Circuit Judge, adheres to his dissenting opinion.